UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re<br><br>DOUGLAS R. MESERVEY,<br><br>Debtor. | Chapter 7<br>Case No. 11-16179-WCH |

**NOTICE OF CHAPTER 7 TRUSTEE OF INTENDED
PRIVATE SALE OF DEBTOR'S CORPORATE INTEREST**
(24% Interest in 3DM Properties LLC)

NOTICE IS HEREBY GIVEN pursuant to 11 U.S.C. section 363, Rules 2002(a)(2) and 6004 of the Federal Rules of Bankruptcy Procedure, and MLBR 2002-5 and 6004-1, that Donald R. Lassman, the duly appointed chapter 7 trustee (the "Trustee") in the bankruptcy case of Douglas R. Meservey (the "Debtor"), intends to sell at private sale the Debtor's twenty-four percent (24%) interest (the "Interest") in the Massachusetts limited liability company 3DM Properties LLC.

The Trustee has received an offer to purchase the Interest for the sum of Seventy Eight Thousand Five Hundred and 00/100 Dollars ($78,500.00) from Partnership Liquidity Investors, LLC, or its assignee (the "Purchaser"). The Purchaser has no relation to the Debtor or the Trustee.

The terms of the proposed sale are more particularly described in a *Motion of Donald R. Lassman, Chapter 7 Trustee, for Order Authorizing Private Sale of Debtor's Mortgage Interest* (the "Sale Motion") filed with the Court on July _3_, 2014.

Pursuant to 11 U.S.C. section 363(b) and (f), the Interest will be conveyed to the Purchaser free and clear of all liens, claims, encumbrances and other property interests. Perfected, enforceable valid liens, if any, shall attach to the proceeds of the sale according to priorities established under applicable law, except as otherwise set forth in the Sale Motion.

Any objections to the proposed sale and/or overbids must be filed in writing with the Clerk of the United States Bankruptcy Court at the United States Bankruptcy Court, John W. McCormack Post Office and Court House, 5 Post Office Square, Suite 1150, Boston, MA 02109-3945, on or before _July 29_, 2014, at 4:30 p.m. (the "Objection Deadline"). A copy of any objection or higher offer also shall be served upon the undersigned. Any objection to the sale must state with particularity the grounds for the objection and why the intended sale should not be authorized. Any objection to the sale shall be governed by Rule 9014 of the Federal Rules of Bankruptcy Procedure.

Through this Notice, higher offers for the Interest are hereby solicited. Any higher offer (an "Overbid") must meet the following requirements:

1. Any Overbid must be accompanied by a cash deposit equal to twenty percent (20%) of the proposed purchase price in the form of a certified or bank check made payable to the undersigned;

2. Any Overbid must be on the same terms and conditions as those provided in the Sale Motion, other than the Purchase Price.

3. Any Overbid must include a purchase price of at least Eighty Three Thousand and 00/100 Dollars ($83,000.00).

4. No Overbid shall include a breakup fee.

A hearing on the Sale Motion, objections or higher offers is scheduled to take place on _August 1_, 2014, at _9:30_ _A_.m. before the Honorable William C. Hillman, United States Bankruptcy Judge, at the United States Bankruptcy Court, ~~John W. McCormack Post Office and Court House, 5 Post Office Square, Suite 1150, Boston, MA 02109-3945~~ District Courthouse, Assembly of Delegates Rm. 3195, Main street, Rte 6A, Barnstable, MA 02630. Any party who has filed an objection or higher offer is expected to be present at the hearing, failing which the objection will be overruled or the higher offer stricken. If no objection to the Sale Motion or higher offer is timely filed, the Bankruptcy Court, in its discretion, may cancel the scheduled hearing and approve the sale without hearing.

At the hearing on the sale the Court may (1) consider any request to strike a higher offer, (2) determine further terms and condition of the sale; (3) determine the requirements for further competitive bidding, and (4) require one or more rounds of sealed or open bids from the original offeror and any other qualifying offeror.

The deposit will be forfeited to the estate if the successful purchaser fails to complete the sale by the date ordered by the Court. If the sale is not completed by the buyer approved by the Court, the Court, without further hearing, may approve the sale of the Interest to the next highest bidder.

Any questions concerning the intended sale shall be addressed to the undersigned.

                                            DONALD R. LASSMAN,
                                            Chapter 7 Trustee of the estate of
                                            DOUGLAS R. MESERVEY,

                                            By his attorneys,

                                            /s/ Alex F. Mattera
                                            Alex F. Mattera, BBO No. 641760
                                            Demeo, LLP
                                            200 State Street
                                            Boston, MA 02109

Telephone: (617) 263-2600
Facsimile: (617) 263-2300
Email: AMattera@DemeoLLP.com

Dated: July ____, 2014